```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

In the Matter of McGinnis, Inc.,   )
 as Owner *Pro Hac Vice* of the    )   Case No. 1:05-CV-498
 M/V Glenna M.                     )

                    Memorandum and Order

	On July 9, 2005, Robert A. Pollard, an employee of McGinnis, Inc., the Petitioner herein, was fatally injured while working as a deckhand assigned to the Glenna M., of which Petitioner is owner *pro hac vice*.  Petitioner alleges that the injury occurred on the Ohio River within the jurisdiction of this Court when Mr. Pollard fell from a barge and was killed when he became caught between two barges.

	In anticipation of the assertion of claims against it and the vessel in a total amount exceeding its interest in the vessel, which it alleges to be $415,000, Petitioner initiated this action on July 25, 2005.  Petitioner seeks exoneration from or a limitation upon its liability for any claim or loss occasioned by or resulting from the death of Mr. Pollard.

	On August 9, 2005, this Court issued two orders, both of which have the effect of restraining the filing of additional suits pertaining to the subject matter of this action and directing that claims relating thereto be asserted in this action.  When Ingram Barge Company, purporting to be the owner of

two barges, filed a complaint for exoneration from or limitation of its liability with respect to the same events that have given rise to this suit, this Court ordered the consolidation of the action thus initiated with this action.

Cynthia Leanna Pollard, the administrator of the estate of Robert A. Pollard, has asserted claims against both McGinnis, Inc., and Ingram Barge Company.  In this action, she seeks orders dismissing, vacating, or modifying the restraining orders issued by this Court so that she may conduct discovery and present her claims (see Doc. 14) and increasing security due to insufficiency (see Doc. 15).  She also moves for leave to amend her answer to the claims of Ingram Barge Company (see Doc. 28).  Petitioner McGinnis, Inc., moves for the dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of Ms. Pollard's claim for punitive damages.

This Court's restraining orders do not bar Ms. Pollard from conducting discovery or presenting her claims against McGinnis, Inc., and Ingram Barge Company.  The effect of those orders is that she must present claims and conduct discovery in this action and may not institute additional lawsuits with respect to the underlying events.  She is not, therefore, prejudiced in any fashion by the restraining orders, and her motion (Doc. 14) to dismiss, vacate, or modify them is hereby **DENIED** with the clarification that Ms. Pollard is permitted to

present claims and conduct discovery to the limits of the governing rules within the context of this action.

In support of her motion to increase security above the $415,000 McGinnis, Inc., has provided as its purported interest in the M/V Glenna M., Ms. Pollard asserts that McGinnis' interest is greater than that amount. She concedes, however, that she cannot identify evidence in support of that assertion at this time. She asks that the Court authorize the appraisal of McGinnis' interest for the purposes of determining the appropriate amount of security under the governing statute.

McGinnis, Inc., does not oppose appraisal of its interest in the vessel but notes that Ms. Pollard may obtain an appraisal in discovery in this matter. McGinnis represents that it will not oppose any attempt by Ms. Pollard to do so. On the basis of that representation, the Court hereby **DENIES** Ms. Pollard's motion (Doc. 15) subject to renewal.

No party has opposed Ms. Pollard's motion for leave to amend her answer to the claims of Ingram Barge Company. Leave to amend is "freely granted." Fed.R.Civ.P. 15(a). In the absence of opposition, the Court hereby **GRANTS** Ms. Pollard's motion (Doc. 28).

The basis for Petitioner McGinnis' motion to dismiss Ms. Pollard's claim for punitive damages is that the applicable law does not recognize such claims. Petitioner cites authority

from the Supreme Court, the Sixth Circuit Court of Appeals, and other circuits in support of its argument.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. See Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993)(citing Nishiyama v. Dickson County, 814 F.2d 277, 279 (6th Cir. 1987)). To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. See Scheuer v. Rhodes, 416 U.S. 232 (1974); Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). To survive a motion to dismiss under Rule 12(b)(6), "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(citations and internal quotation marks omitted). The test for dismissal under Rule 12(b)(6), however, is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hartford Fire Insurance Co. v. California, 509 U.S. 764, 811 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Monette

4

v. Electronic Data Systems Corp., 90 F.3d 1173, 1189 (6th Cir. 1996). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless no law supports the claim made, the facts alleged are insufficient to state a claim, or an insurmountable bar appears on the face of the complaint.

Ms. Pollard has asserted claims under statutory and general maritime law against McGinnis, Inc. She prays for compensatory and punitive damages.

"The Jones Act incorporates the substantive recovery provisions of the Federal Employers' Liability Act." Miller v. American President Lines, Inc., 989 F.2d 1450, 1457 (6th Cir.), cert. denied, 510 U.S. 915 (1993). "It has been the unanimous judgment of the courts since before the enactment of the Jones Act that punitive damages are not recoverable under the Federal Employers' Liability Act." Id. "Punitive damages are not therefore recoverable under the Jones Act." Id. Claimant Pollard has not identified a basis for departure from that well-established precedent. Accordingly, Petitioner McGinnis, Inc., is entitled to the dismissal of her prayer for punitive damages as it pertains to her statutory claim.

Following Miles v. Apex Marine Corp., 498 U.S. 19 (1990), the unavailability of punitive damages in a wrongful death action under general maritime law is also well-established. See Miller, 989 F.2d at 1459. See also Guevara v. Maritime

5

Overseas Corp., 59 F.3d 1496, 1507 (5th Cir. 1995), cert. denied, 516 U.S. 1154 (1996); Horsley v. Mobil Oil Corp., 15 F.3d 200, 203 (1st Cir. 1994). Claimant Pollard has not identified authority to the contrary. Accordingly, Petitioner McGinnis, Inc., is entitled to the dismissal of Ms. Pollard's prayer for punitive damages to the extent that it pertains to her claims under general maritime law. For those reasons, Petitioner's motion to dismiss Claimant Pollard's claim for punitive damages (Doc. 23) is hereby **GRANTED.**

    **IT IS SO ORDERED.**

___/s/___
Sandra S. Beckwith, Chief Judge
United States District Court
